UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| WATER STREET GAMING LLC d/b/a Rainbow Club,  Plaintiff(s),  v.  CULINARY WORKERS UNION LOCAL 226, as the real party in interest for KELLY REYES,  Defendant(s). | Case No.2:24-CV-297  JCM (BNW)  ORDER |

Presently before the court is plaintiff Water Street Gaming LLC, dba Rainbow Club ("Rainbow Club")'s motion for a status conference. (ECF No. 23). Defendant Culinary Workers Union Local 226, appearing as the real party interest for Kelly Reyes, filed a response (ECF No. 24), to which plaintiff replied (ECF No. 25).

Plaintiff terminated its employee Kelly Reyes after learning that she had allegedly been soliciting customers and accepting gifts in violation of plaintiff's policies and procedures. Culinary Workers Union Local 226 sent Rainbow Club a grievance letter, stating that the union was grieving Ms. Reyes termination pursuant to section 6.01(a) of the CBA.

The parties arbitrated the matter in front of arbitrator David Weinberg, who found that "there was not just cause for the termination of Kelly Reyes" and determined that she must be "returned to work with full seniority and made whole, subject to an offset for outside earnings during this time period." (*See* ECF No. 2-7 at 21). The arbitrator awarded backpay but left the determination of the amount to the parties. However, if the parties could not agree on an amount, the arbitrator noted that he would resume his jurisdiction and determine it at that time.

On February 13, 2024, plaintiff filed the instant action, seeking to vacate or modify the arbitral award. (ECF No. 1). Plaintiff claims that the arbitrator lacked authority to issue the backpay award because the defendant failed to present evidence of Ms. Reyes' mitigation efforts at the arbitration. (ECF No. at 23 at 2). Plaintiff presently requests the court to order the parties to attend a status conference "to determine the status of [plaintiff]'s Petition." (*Id.* at 3).

The court will not conduct pretrial conferences unless otherwise ordered. Written requests intended to expedite the disposition of a case are appropriate, "particularly when the case is complex or in which there has been delay." LR 16-2. At the same time, courts have the power to manage their own dockets, so granting or denying such a request is solely within the discretion of the court. *See United States v. W.R. Grace*, 526 F.3d 499, 509 (9th Cir. 2008) ("There is a well-established principle that district courts have inherent power to control their dockets."). Plaintiff bases its request for a status conference on the fact that this matter has been fully briefed since June 2024. (ECF No. 25 at 2). Plaintiff presents no new or complex issues for the court to consider at such a conference. (*Id.*) The court is not inclined to grant plaintiff's request for a status conference, as it appears that the request is intended as a check in with the court's progress and potentially to procure a mini trial on the legal disputes. (*Id.*) (Rainbow Club "challenges the basis of the Arbitrators award" and "seeks a status" on the determination of the petition). This is procedurally improper.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that plaintiff's motion for a status conference (ECF No. 23) be, and the same hereby is, DENIED.

DATED October 1, 2025.

_____
UNITED STATES DISTRICT JUDGE